IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07-CV-00110

| | |
|---|---|
| RICHARD E. ABBOTT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DUKE ENERGY HEALTH & WELFARE ) | |
| BENEFIT PLAN, and FISERV HEALTH ) | |
| PLAN ADMINISTRATORS, INC. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon Defendant's "Motion to Dismiss" (Document #7). Defendant Fiserv contends that Mr. Abbott's claim should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Fiserv's motion is DENIED.

**I. BACKGROUND**

Plaintiff Richard Abbott ("Mr. Abbott") filed suit to recover benefits under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B). Mr. Abbott was and still is an employee of Duke Energy ("Duke") and a participant in Duke Energy's Health & Welfare Benefit Plan ("the Plan"). This plan provided medical benefits for Duke's employees and their eligible dependents. At the time of the benefit decisions that are the subject of this action,

Wausau (now Fiserv) was the claims administrator of the Plan.

Mr. Abbott's daughter, Michelle, was an eligible dependent under the terms of the Plan. In 2003, Michelle was referred by her doctor to seek treatment for anorexia at the Menninger Clinic. Michelle entered the Clinic under the pre-approval of Wausau. The Clinic submitted claims totaling $35,650.99 to the Plan for Michelle's treatment. Wausau denied the claims. Mr. Abbott appealed Wausau's denial, and Wausau upheld its decision. Having exhausted his administrative remedies, Mr. Abbott paid the Clinic and filed this suit. Mr. Abbott named as defendants Duke Energy Corporation, now known as Duke Energy Carolinas, LLC, and Fiserv Health Plan Administrators, Inc. (formerly Wausau).

Defendant Fiserv filed a Motion to Dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Fiserv contends that it acted only as a claims administrator and that because a claims administrator "is responsible only for the ministerial task of processing claims for benefits on behalf of the Plan [it] is not a proper party to a claim for recovery of Plan benefits." Document #8 at 1.

## II. DISCUSSION

A motion to dismiss for failure to state a claim upon which relief may be granted should be allowed if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. Greenhouse v. MCG Capital Corp., 392 F.3d 650, 655 (4th Cir. 2004). A motion to dismiss should be granted if the complaint itself fails to allege the elements for a cause of action

or facts sufficient to support such elements. Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.), cert. denied, 540 U.S. 940 (2003).

In ruling upon 12(b)(6) motions, courts typically consider only the facts alleged in the complaint. Fiserv, however, attached two Plan documents not included in Mr. Abbott's Complaint, and argues this Court should consider these documents in ruling on its 12(b)(6) motion. Typically, when extrinsic evidence is admitted, the motion to dismiss is converted into one for summary judgment. Fed. R. Civ. P. 12(b)(6) (when "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56").

In ruling on extrinsic evidence, courts are concerned with the notice afforded plaintiffs. See Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1197 (3d Cir. 1993) (arguing that if "extraneous evidence" is allowed, the plaintiff deserves an opportunity to respond and therefore, the motion should be treated as one for summary judgment). However, if the plaintiff's complaint relies on the document and the document's authenticity is not disputed, the plaintiff "obviously is on notice of the contents of the document and the need for a chance to refute evidence is greatly diminished." Id. at 1196 (citing Cortec Indus., Inc. v. Sum Holding, L.P., 949 F.2d 42, 48 (2d Cir. 1991), cert. denied, 503 U.S. 960 (1992)).

This Court allowed defendant's extrinsic evidence and dismissed plaintiff's ERISA complaint in Clark v. BASF Salaried Employees' Pension Plan, 329 F.Supp.2d 694, 697-98 (W.D.N.C. 2004). In an unpublished decision, the Fourth Circuit affirmed this Court "because there was no dispute as to its authenticity, the document was referenced in the complaint, and the

document was central to [the plaintiff's] claims." Clark v. BASF Corp., 142 Fed. Appx. 659 (4th Cir. 2005) (per curiam).

Fiserv's proposed evidence is in dispute, and therefore, this Court will not consider the documents with regard to the present motion to dismiss. Mr. Abbott claims that Fiserv's proposed documents "differ . . . in some significant respects" from the copy provided Mr. Abbott, including multiple pages that were not included in Mr. Abbott's copy of the Plan. Document #19 at 2. Specifically, Mr. Abbott contends that the first and second pages of document 8-2, cited five times in Fiserv's motion to dismiss, were not included in Mr. Abbott's copy. This raises a factual issue regarding Mr. Abbott's notice, which cannot be determined at this time.

Having excluded Fiserv's evidence, this Court now turns to the issue of whether Defendant Fiserv is properly named as a defendant in this ERISA action. Circuits have split regarding which parties other than the plan itself can be named as defendants. In an unpublished decision, the Fourth Circuit sided with those circuits which have employed a control test to determine whether a non-plan party can be named. See Gluth v. Wal-Mart Stores, Inc., No. 96-1307 1997 WL 368625 at *6 (4th Cir.1997) (disallowing the trust funding the plan to be named as defendant because the trust exercised no control over the administration of the plan) (citing Daniel v. Eaton Corp., 839 F.2d 263, 266 (6th Cir. 1988).

Using the control test means that decisions regarding ERISA defendants are fact-specific inquiries that hinge upon the amount of discretion the potential defendant exercised over the plan. This focus on discretion stems from the text of ERISA. ERISA "extends the scope of the term fiduciary" (McRae v. Rogosin Converters, Inc., 301 F. Supp 2d 471, 475 (M.D.N.C. 2004))

4

to include both parties designated as such, as well as those not so designated who exercise discretion over the plan. Under ERISA, a party is a fiduciary if:

> (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . . (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. 29 U.S.C. § 1002 (21)(A).

Determining a defendant's level of discretion is a fact-specific inquiry not suited for a motion to dismiss. The Fourth Circuit recognized in Coleman v. Nationwide Life Ins. Co., "a party is a fiduciary only as to the activities which bring the person within the definition. . . . a court must ask whether a person is a fiduciary with respect to the particular activity at issue." 969 F.2d 54, 61 (4th Cir. 1992). After looking to the plan's language, courts "then, should look to the party's actions to determine if the party, in fact, exercised discretionary authority." Adams v. Brink's Company, 372 F. Supp 2d 854 (W.D. Va. 2005).

Accordingly, many of the cases cited by both parties addressing ERISA defendants are rulings on motions for summary judgment. See, e.g., Confer v. Custom Engineering Co., 952 F.2d 34 (3d Cir. 1991); Williams v. UNUM Life Ins. Co. of America, 250 F. Supp 2d 641 (E.D. Va. 2003). In Williams, although plan documents listed the employer as administrator, in practice, the court found the insurer acted as the administrator. The court noted that the insurer was responsible for "adjudicat[ing] any appeals of denied claims" and found the insurer to be a proper defendant. Id. at 645. In other summary judgment rulings, activities such as "advising participants about plan benefits based on the terms of the plan" (Weeks v. Western Auto Supply Co., No. Civ. A. 7:02CV00724, 2003 WL 21510822 (W.D. Va. June 25, 2003)), and calculating benefit estimates based on the terms of the plan (Fitch v. Chase Manhattan Bank, N.A., 64 F.

5

Supp 2d 212, 229 (W.D.N.Y.1999)) have been found not to give rise to fiduciary status.

In this case, Mr. Abbott alleges that Fiserv enjoyed far greater discretion than in the above-cited cases. Mr. Abbott claims that Fiserv initially denied the claims relating to Michelle's treatment and later upheld its decision as part of Fiserv's appeals process. Taking these allegations as true, as required in a 12(b)(6) motion, such actions suggest that Fiserv is properly named as a defendant. Therefore, this Court excludes all matters not presented in Mr. Abbott's complaint and declines to treat the motion as one for summary judgment at this time.

**IT IS THEREFORE ORDERED** that Defendant Fiserv's Motion to Dismiss is **DENIED**. The parties are ordered to conduct their initial attorney's conference pursuant to Federal Rule of Civil Procedure 26(f) within twenty days of this order and to report the same to the Court.

**IT IS SO ORDERED.**

Signed: August 7, 2007

Graham C. Mullen
United States District Judge